UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| SICILY M. MORRIS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 4:20-cv-00184-TWP-DML |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**Order Granting Motion for Relief Pursuant to 28 U.S.C. § 2255**

This matter is before the Court on a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 filed by Petitioner Sicily Morris ("Ms. Morris"), challenging her conviction and sentence. (Dkt. 1). Ms. Morris argues in part, that her counsel was ineffective for failing to file a notice of appeal when asked to do so. Because it is undisputed that Ms. Morris asked counsel to appeal and no appeal was filed, her § 2255 motion is **granted**. For the reasons stated below, final judgment in the criminal case shall be reissued, and the Clerk shall file a Notice of Appeal on her behalf in that case.

**I. The § 2255 Motion**

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge her conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974). A court may grant relief from a federal conviction or sentence pursuant to § 2255 "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Relief under this statute is available only in extraordinary situations, such as an error

of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice." *Blake v. United States*, 723 F.3d 870, 878-79 (7th Cir. 2013) (citing *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996); *Barnickel v. United States*, 113 F.3d 704, 705 (7th Cir. 1997)).

## II. Factual Background

In January 2019, Ms. Morris was charged with Count 1: possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841 and Count 2: carrying a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c). *United States v. Morris*, 4:19-cr-5-TWP-VTW-1 ("Crim. Dkt."), Dkt. 19. Ms. Morris retained attorneys Patrick J. Renn and Joseph R. Eggert to represented her. (Crim. Dkts. 11, 13.) Four months later, the parties filed a petition to enter a plea of guilty and plea agreement. Crim. Dkt. 36.

Under the plea agreement, Ms. Morris agreed to plead guilty as charged and waived her right to appeal the conviction and sentence if the Court accepted the terms of the Rule 11(c)(1)(C)[1] plea agreement. *Id.* ¶¶ 1, 16. Ms. Morris also agreed not to contest her conviction or sentence in any action, including under § 2255, unless alleging ineffective assistance of counsel. *Id.* ¶ 17.

At the combined plea and sentencing hearing held in August 2019, the Court accepted Ms. Morris's plea, found her guilty, and sentenced her—pursuant to the terms of the binding plea agreement—to 120 months' imprisonment, the sentence recommended by the plea agreement. Crim. Dkt. 44, 45.

Ms. Morris did not appeal, however she filed this § 2255 motion in August 2020.

---

[1] Under Federal Rule of Criminal Procedure 11(c)(1)(C), the government and a defendant may "agree that a specific sentence or sentencing range is the appropriate disposition of the case . . . [and] such a recommendation or request binds the court once the court accepts the plea agreement." Fed. R. Crim. P. 11(c)(1)(C).

### III. Discussion

In support of her § 2255 motion, Ms. Morris asserts that her trial counsel were ineffective for failing to file a notice of appeal as requested.[2] Dkt. 1 at 5; *see also* dkt. 2 at ¶ 5.

A petitioner claiming ineffective assistance of counsel bears the burden of showing (1) that trial counsel's performance fell below objective standards for reasonably effective representation and (2) that this deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 688-94 (1984); *Resnick v. United States*, 7 F.4th 611, 619 (7th Cir. 2021). "[A] lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." *Roe v. Flores–Ortega*, 528 U.S. 470, 476–77 (2000). This is the case "even when the defendant has, in the course of pleading guilty, signed . . . an 'appeal waiver' . . . ." *Garza v. Idaho*, 139 S. Ct. 738, 742 (2019). "[W]hen counsel fails to file a requested appeal, a defendant is entitled to . . . an appeal without showing that [the] appeal would likely have merit." *Peguero v. United States*, 526 U.S. 23, 28 (1999).

Here, Ms. Morris affirms that "after sentencing, [she] told [counsel] to file the required notice of appeal because [she] wanted to appeal the sentence imposed by the district court." Dkt. 2 at ¶ 5. The government's attempts to obtain evidence to refute this allegation have been unsuccessful. *See* dkt. 11-1. Thus, it recognizes that it "has no direct evidence to rebut [Ms.] Morris's allegation" and that it would be appropriate to "vacate and reenter the judgment, allowing the appeal to proceed." Dkt. 11 at 9.

---

[2] Ms. Morris presents three other claims of ineffective assistance of counsel. *See* dkt. 1 at 5. The Court will not address these claims on the merits, however, because it concludes that Ms. Morris should be afforded a new opportunity to appeal her conviction and sentence. *See United States v. Barger*, 178 F.3d 844, 848 (7th Cir. 1999) (stating that when a district court grants a petitioner the right to file a direct appeal because of a § 2255 motion, the other claims should be dismissed without prejudice).

Because it is undisputed that Ms. Morris instructed counsel to file a notice of appeal and counsel did not do so, Ms. Morris must be given a new opportunity to appeal her conviction and sentence.[3] *See Garza*, 139 S. Ct. at 749.

### IV. Conclusion

For the reasons explained in this Order, Ms. Morris's motion for relief pursuant to 28 U.S.C. § 2255 is **granted** to the extent that she may appeal the conviction and sentence in Case No. 4:19-cr-5-TWP-VTW-1. The motion is in all other respects **dismissed without prejudice.**

To implement this ruling, the **clerk shall docket** a copy of this Order in Case No. 4:19-cr-5-TWP-VTW-1, **terminate** the motion to vacate, Crim. Dkt. [54], **reissue** the judgment of August 20, 2019, Crim. Dkt. [45], and **file** a notice of appeal on Ms. Morris's behalf. Ms. Morris's sentence and conviction remain unchanged.

**IT IS SO ORDERED.**

Date: 5/6/2022

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

SICILY M. MORRIS
16802-028
ALICEVILLE FCI
FCI Aliceville
P.O. Box 4000
Aliceville, AL 35442

Kyle M. Sawa
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
kyle.sawa@usdoj.gov

---

[3] This conclusion is not a finding that Ms. Morris, in fact, instructed counsel to file a notice of appeal. Instead, it is a finding that her version of events is uncontested for the limited purpose of resolving this motion.