UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:19-cr-00005-TWP-VTW |
| | ) | |
| SICILY M. MORRIS, | ) | -01 |
| | ) | |
| Defendant. | ) | |

**ENTRY DENYING MOTION FOR RECONSIDERATION OF SENTENCE**

Defendant Sicily M. Morris seeks a reduction in her sentence pursuant to 18 U.S.C. § 3742(e).( Dkt. 77). Ms. Morris asks the Court to reduce her sentence because she has completed a number of prison programs and has maintained good conduct during her incarceration. *Id.* For the reasons explained below, the Motion is **denied**.

**I.     DISCUSSION**

Once a district court enters final judgment it lacks jurisdiction to continue to hear related issues, except to the extent authorized by statute or rule. *Cf. Carlisle v. United States,* 517 U.S. 416, 430 (1996). As a statutory basis for her motion to reconsider her sentence, Ms. Morris refers to 18 U.S.C. § 3742(e), but this statute provides the factors the Court of Appeals must consider when reviewing a person's sentence.

Ms. Morris may intend to refer to § 3742(g), which governs the factors a district court may consider when the case has been remanded by the Court of Appeals. When a case has been remanded for resentencing, the Supreme Court has explained, "a district court may consider evidence of a defendant's rehabilitation since his prior sentencing and … such evidence may, in appropriate cases, support a downward variance from the advisory Guidelines range." *Pepper v.*

*United States*, 562 U.S. 476, 490 (2011). Here, because this case is not on remand, § 3742 does not apply. *See* dkt. 76 (mandate of Seventh Circuit, dismissing appeal).

The only other statutory avenue for resentencing potentially applicable to Ms. Morris's case, besides a motion for relief pursuant to 28 U.S.C. § 2255, is a motion for sentence reduction under 18 U.S.C. § 3582. Section 3582(c)(1) provides that a Court may reduce a sentence based on extraordinary and compelling reasons or the defendant's advanced age. Here, Ms. Morris does not rely on advanced age to support her request for a sentence reduction. Instead, she relies solely on her post-sentencing rehabilitation. But rehabilitation alone is not an extraordinary and compelling reason warranting a sentence reduction under § 3582. *See United States v. Peoples*, 41 F.4th 837, 842 (7th Cir. 2022) ("rehabilitation cannot serve as a stand-alone reason for compassionate release" (cleaned up)). In addition, the Court may, on a defendant's motion, reduce a sentence under § 3582(c)(2) if the Sentencing Commission has amended the sentencing guidelines, lowering the range under which the defendant was sentenced, and made the amendment retroactive. U.S.S.G. § 1B1.10 cmt. n. 1(A). Here, that situation is not present.

While the Court commends Mt. Morris for her completing several programs and maintaining good conduct, Section 3582(c)(2) provides no basis for reducing her sentence. Accordingly the Motion must be **denied**.

## II.     CONCLUSION

For the reasons discussed above, the Court determines that Ms. Morris has identified no basis for reducing her sentence based on her post-sentencing rehabilitation, and the Court can find no basis to do so. Plaintiff's Motion for a Sentence Reduction, dkt. [77], is **DENIED**.

**IT IS SO ORDERED.**

Date: 1/19/2023

_____
Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel

Sicily Morris
Reg. No. 16802-028
FMC Lexington
Federal Medical Center
Satellite Camp
P.O. Box 14525
Lexington, KY 40512